UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
----------------------------------X

MICROSOFT CORPORATION, a
Washington corporation,

      Plaintiff,

  -against-

AGA SOLUTIONS, INC., a New York
Corporation, d/b/a/ ADVANCED SOFTWARE
SOLUTIONS and ADVANCED COMPUTER
SOLUTIONS; MITCHELL S. ACKERMAN,
a/k/a/SCOTT SIMON, WANTAMANSION,
and MEGAHERTZ932, an individual; and
LEE K. ACKERMAN, a/k/a/ PASSPORT 2002,
an individual;

      Defendants.

----------------------------------X

**MEMORANDUM OF DECISION & ORDER**

O5 CV 5796 (DRH)(MLO)

**APPEARANCES:**

**YARMUTH WILSDON CALFO PLLC**
Attorneys for Plaintiff
925 Fourth Avenue Suite 2500
Seattle, WA 98104
By: Scott T. Wilsdon, Esq.
   John Jamnback, Esq.

**CONRAD O'BRIEN GELLMAN & ROHN, P.C.**
Attorneys for Defendants
1515 Market Street, 16th Floor
Philadelphia, PA 19102
By: Geoffrey L. Beauchamp, Esq.
   Craig D. Harvath, Esq.

**NAIBURG, ROSENBLUM & WEISSMAN, LLP**
Attorneys for Defendant
320 Carleton Ave., Suite 2500
Central Islip, NY 11722
By:   Eric W. Naiburg, Esq.

**HURLEY, Senior District Judge:**

Plaintiff, Microsoft Corporation, ("Plaintiff" or "Microsoft") commenced this lawsuit asserting various causes of action premised on Defendants alleged distribution of counterfeit or unlicensed software and components.  Presently before the Court are two motions.  One motion is by Defendants Mitchell S. Ackerman ("Ackerman") and AGA Solutions, Inc. ("Solutions") to dismiss the third (Lanham Act), fifth (New York Deceptive Trade Practices Act), eighth (unjust enrichment) and ninth (accounting) causes of action in the First Amended Complaint.  The second motion is by Defendant Lee K. Ackerman ("Lee") to dismiss all claims asserted against her.[1]  For the reasons set forth below, the motions to dismiss are GRANTED as to the eighth[2] and ninth cause of action but are otherwise DENIED.

*Background*

The following allegations are taken from the First Amended Complaint ("FAC" or complaint).

Microsoft develops, advertises, markets, distributes and licenses a number of computer

---

[1] The original motions had also requested that the instant action be stayed pending the completion of criminal proceedings pending against Ackerman.  During the pendency of these motions, the parties advised the Court that the criminal proceedings have concluded.  Accordingly, the motions for a stay are denied as moot.

[2] Plaintiff does not contest the dismissal of this cause of action.  Accordingly, the motions to dismiss the eighth cause of action is granted.

programs. These programs are recorded on magnetic diskettes and CD-ROMs and are packaged and distributed with associated proprietary materials such as user's guides, manuals and end user license agreements. The software programs are distributed with Certificates of Authenticity and/or Certificate of Authenticity Labels (referred to as "COAs" or "COALs") which are manufactured with security features to make duplication difficult. The COAs help end-users verify they have genuine Microsoft software. [FAC ¶¶10-11.] Microsoft specifically alleges that it holds copyrights for the following software and associated user's reference manuals, user's guides, and screen displays: Microsoft Windows XP Professional, Microsoft Windows XP Professional x64 Edition, and Microsoft Windows XP Home, Microsoft Windows 2000 Professional, Microsoft Windows 98, Microsoft Windows 2003 Server, Microsoft Windows 2000 Server, Microsoft Windows NT Workstation 4.0, suites of software programs known as Microsoft Office 2003 (and associated programs), suites of software program known as Microsoft Office XP (and associated programs), suites of software programs known as Microsoft Office 2000 (and associated programs), Microsoft Office 97 Professional Edition, Microsoft Exchange Server 2003 Enterprise, Microsoft SQL Server 2000, Microsoft Office FrontPage 2003, Microsoft One Note 2003, Microsoft Project 2003, Microsoft Project 2002, Microsoft Publisher 2002, Microsoft Visio 2003 Professional, Microsoft Visual Studio .NET Enterprise Architect 2003, Microsoft Business Contact Manager and it is the sole owner and licensor thereof. [FAC ¶¶ 12-31; 54.] In addition, Microsoft has registered trademarks and service marks for, inter alia, Microsoft, Windows, Windows flag logo, Colored Windows Logo, Powerpoint, and Outlook. [FAC ¶32.]

Ackerman and Lee are husband and wife. Ackerman is a director, officer and shareholder

of Solutions. According to the Complaint, Ackerman and Lee both personally participated in and/or had the right and ability to supervise, direct and control the wrongful conduct alleged. [FAC ¶ 5-6.]

Through the use of two websites and at least three internet action accounts, Defendants advertised, distributed and sold counterfeit, tampered and infringing software and components covered by Microsoft's copyrights and trademarks. This activity took place at least through November 2005 and the operation was run from Ackerman's and Lee's residence. [FAC ¶ 36.] Ackerman, also known as Scott Simon, registered the accounts "wantamansion" and "megahertz932" with the on-line auction service Ebay and used these accounts to sell illegal software through December 2004 and January 2005. Lee registered an account with Ebay and posted illegal software under the name "passport2002" until at least March 2002. [FAC ¶¶ 34-35.]

Beginning about May 2002, Microsoft began to receive complaints from individuals and businesses about software they had purchased from Defendants. Upon analyzing the software purchased by these third parties, as well as test purchases made by private investigators hired by Microsoft, Microsoft determined that much of the software was counterfeit, had security features that had been tampered with and/or were unlicensed or infringing. [FAC ¶¶ 36-41.] Also, in July 2005, United States Custom Agents seized a shipment of 50 units of Microsoft Windows XP Professional that entered the United States from China and whose intended recipient was Ackerman using an alias. A sample unit analyzed by Microsoft confirmed that the software, COA Label and manual were counterfeit. [FAC ¶¶ 42-44.]

In the Fall of 2005, approximately 2,500 units of counterfeit, tampered and/ or infringing

Microsoft software were seized from Ackerman's and Lee's joint residence pursuant to a search warrant. Apparently, the basement of the residence had been set up to function as an office, with five work stations, a shrink wrap machine and various shipping materials. Also seized from the residence were COA labels, Product Key labels, End User License Agreements and other software related components covered by Microsoft's copyrights and bearing Microsoft's registered trademarks or imitations thereof. [FAC ¶ 45-47.]

At least through December 2005, Defendants also maintained a website that prominently displayed a large number of Microsoft products and represented that Defendants sell only genuine Microsoft products. In addition, the Website includes photos of a brick store front when in fact the business was operated from Ackerman's and Lee's residence and a private mailbox in Jericho, New York. [FAC ¶¶ 49-51.]

This action was filed on December 13, 2005. The complaint alleges nine causes of action. The first cause of action is for copyright infringement. The second cause of action is for trademark infringement pursuant to 15 U.S.C. § 1114, et seq. The third cause of action is asserted pursuant to 15 U.S.C. § 1125 et seq and is for false designation of origin, false description and false representation of Microsoft packaging. The fourth cause of action is for trafficking in counterfeit labels, illicit labels and counterfeit documentation and packaging in violation of 18 U.S.C. § 2318. The fifth cause of action is for violation of New York State's Deceptive Trade Practices Act, N.Y. Gen. Bus. Law § 349. The sixth, seventh and eighth causes of action assert claims for common law unfair competition, imposition of a constructive trust and unjust enrichment, respectively. The ninth and final cause of action seeks an accounting pursuant to 17 U.S.C. § 504, 15 U.S.C. § 117, and 18 U.S.C. §2318.

Lee has moved to dismiss all causes of action asserted against her on the grounds that they are barred by the three year statute of limitations period applicable to each of the claims and because they fail to sufficiently allege her active involvement in the alleged wrongful acts. Lee, Ackerman and Solutions all move to dismiss the third, fifth, and ninth causes of action as legally insufficient.

*DISCUSSION*

*I. Standard for Motion to Dismiss*

The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson*¸ 189 F.3d 284, 286 (2d Cir. 1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.,* 445 F.3d 586, 591 (2d Cir. 2006). Nonetheless, "a plaintiff's allegations, accepted as true, must be sufficient to establish liability." *Amron v. Morgan Stanley Investment Advisors Inc.,* 464 F.3d 338, 344 (2d Cir. 2006).

In construing a complaint on a Rule 12(b)(6) motion, the Court must accept all factual allegations in the proposed complaint as true and draw all reasonable inferences in favor of the plaintiff. *King*, 189 F.3d at 287; *Jaghory v. New York State Dep't. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by

6

reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

## *II. Lee's Motion to Dismiss*

Lee seeks dismissal of all claims asserted against her on the grounds that the complaint fails to sufficiently allege her participation in the alleged wrongful conduct and on statute of limitations grounds. The court will address these arguments ad seriatim.

### A. Participation in the wrongful acts.

"To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are subject of the copyright claim; (2) that the plaintiff owns the copyright in those works; (3) that the copyright has been registered in accordance with the statute; and (4) 'by what acts during what time' the defendants infringed the copyright." *Carrell v. Shubert Org. Inc.,* 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000) (quoting *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994).[3] The first three requirements are not at issue on this motion and, indeed, the Court's review of the complaint confirms that they have been sufficiently pled. Lee's claim is that the complaint does not sufficiently allege "by what acts and during what time" she is alleged to have infringed the copyright. The Court disagrees.

The complaint more than adequately describes that (1) Lee and Ackerman operated, from their joint residence, an internet based business though two websites, one of which was registered

---

[3] Both Lee and Microsoft focus on whether Lee's participation is sufficient for liability under the Copyright Act and therefore so shall this Court.

to Lee, and through three internet auctions and a private mailbox; (2) how, through that business, they advertised, distributed and sold counterfeit, tampered and infringing software and components; and (3) the approximate period of time that the conduct occurred. Additionally, the complaint describes more than a dozen instances in which Microsoft acquired unlicensed, counterfeit and infringing software distributed by Lee and Ackerman.

Lee posits that her "active involvement in the wrongful acts cited by Microsoft is confined to her use of an eBay account in the name of 'Passport2002,' her alleged title as the company's 'head of shipping,' the appearance of her name on some software packaging and her identification as a 'contact point'" and that this alleged conduct is insufficient. Mem. In Supp. Of Motion by Def. Lee Ackerman to Dismiss Claims Against Her at 5-7 ("Lee Mem."). However, "[a]mong the exclusive rights that the Copyright Act bestows upon copyright owners is the right 'to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership.'" *Island Software and Comp. Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 261 (2d Cir. 2005) (citing 17 U.S.C. § 106(3)). Therefore, even assuming insufficient allegations that Lee actually copied Microsoft's products, sufficient facts have been alleged to hold Lee liable as the distributor of unauthorized copies. *See id. (*citing *Salton, Inc. v. Phillips Dom. Appliances and Pers. Care B.V.,* 391 F.3d 871, 875 (7th Cir. 2004); *Ortiz-Gonzalez v. Fonovisa,* 277 F.3d 59, 62 (1st Cir. 2002)).

The Court rejects Lee's argument that the claims against her should be dismissed because the allegations against her demonstrate that her role was "de-minimus" and "insubstantial" (Lee Mem. at 2-3 & 13). Microsoft has satisfied its pleading requirement and therefore is entitled to discovery to explore the exact contours of Lee's involvement. Moreover, the concept of "de

minimus" in copyright law is limited to the inquiry undertaken to determine if one work is an unauthorized copy of another. *See, e.g. Miroglio S.P.A. v. Conway Stores, Inc.,* No. 05 Civ. 00121, 2007 WL 391565 at *5 (S.D.N.Y. 2007) (To demonstrate unauthorized copying, the plaintiff must show "(I) that it was protected expression in the earlier work that was copied and (ii) that the amount that was copied is 'more than de minimus.'") (quoting *Turfenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.,* 338 F.3d 127, 131 (2d Cir. 2003)). Lee cites no cases holding that the concept of "de minimus" should be extended to require that a defendant's participation in infringing activity be alleged to be more than "de minimus." This Court will not impose such a requirement.

Accordingly, the motion to dismiss for failure to sufficiently allege Lee's participation in the wrongful acts is denied.

**B. Statute of Limitations**

Lee also argues that the claims against her are all governed by three year statute of limitations and are therefore barred because the complaint was filed more than three years after March 2002, the last alleged "active" involvement by her. (Lee Mem at 10.) The argument must fail as the complaint alleges wrongful conduct by Lee in 2004 and 2005 (FAC ¶¶ 19, 37-39), well within the statute of limitations periods applicable to the copyright, trafficking and New York deceptive practices claims against her. *See* 17 U.S.C. §507(b) (copyright action must be commenced within three years of accrual of the claim); 18 U.S.C. 2318(f)(6) (statute of limitations for trafficking in illicit labels is three years); *M & T Mortg. Corp. v. Miller,* 323 F. Supp. 2d 405, 411 (E.D.N.Y. 2004) (claims under New York Deceptive Practices Act governed by three year statute of limitations). As to those acts alleged in the complaint that occurred more

9

than three years prior to the filing of the complaint, dismissal is not warranted as this stage of the proceeding because as to copyright claims, accrual begins when the plaintiff knows or should have known of the injury on which the claim is premised. *See Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir 1996). Moreover, Lanham Act claims are subject to laches. *See Conopco, Inc. v. Campbell Soup,* 95 F.3d 187, 192 (2d Cir. 1996; *accord U.S. v. Milstein,* 401 F.3d 53, 63 (2d Cir. 2005). Accordingly, Lee's motion to dismiss all causes of action on the grounds they are barred by the statute of limitations is denied.

### III. Dismissal of the Section 43(a) Lanham Claim

Section 43(a) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which -
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person, or
> (B) in commercial advertising promotion, misrepresents the nature characteristics, qualities, or geographic origin of his or her or another's goods, services, or commercial activities,
> shall be liable in a civil action by any such person who believes that he or she is likely to be damaged by such act.

15 U.S.C. §1125(a).

Defendants argue that the section 43(a) claim must be dismissed because "Microsoft has not alleged that Defendants falsely represented that they [defendants] owned Microsoft works and because it is duplicative of the copyright claim." Ackerman Mem. at 12-13.

Section 43(a) of the Lanham Act is a broad federal unfair competition statute whose purpose is to prevent consumer confusion as to the source or sponsorship of a product. *Chambers v. Time Warner Inc.,* 282 F.3d 147, 155 (2d Cir. 2002). To prevail on a claim under § 43(a), a plaintiff must plead and prove that it has a valid mark entitled to protection and defendants' used a similar mark in commerce in a way that would likely cause confusion among the consuming public. *See Arrow Fastener Co., Inc., v. Stanley Works,* 59 F.3d 384, 390 (2d Cir. 1995).

Section 43(a) protects against false advertising, passing off and "reverse passing off." *Waldman Publishing Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir. 1994); *see Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F.3d 175, 196-97 (2d Cir. 2001). Passing off is when "'A' sells its product under 'B's' name." *Id.* Passing off is also known as "palming off" in the sense that A palms its goods off as B's. Reverse passing off is when "'A' sells 'B's' product under 'A's' name." *Waldman,* 43 F.3d at 780. "For example, the defendant in *Arrow United Indus. v. Hugh Richards Inc.,* 678 F.2d 410 (2d Cir. 1982), used a product (an industrial damper) manufactured by the plaintiff, Arrow, reduced it slightly, affixed its own identifying marks and represented to a customer that the product was its own . . . The court held that this activity constituted 'affixing' a false designation of origin' in violation of the Lanham Act. . . . The designation was false because Arrow was the true manufacturer of the product, and by affixing its name, Richards misappropriated Arrow's manufacturing talents." *Waldman,* 43 F.3d 780.

As the above illustration makes evident, in this case Microsoft is alleging passing off – not reverse passing off. Microsoft's allegations are that Defendants are selling their counterfeit software under Microsoft's name. The cases relied upon by Defendants for the proposition that

11

there must be an allegation that they falsely represented that they owned Microsoft's works, *e.g., Cognotec Services Ltd. v. Morgan Guaranty Trust Co. of N.Y.,* 862 F. Supp. 45, 51 (S.D.N.Y. 1994) involve reverse passing off and are therefore inapplicable to this case. No such allegation is required in a passing off case. *See, e.g., Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 455-56 (S.D.N.Y. 2005).

Nor should the § 43(a) claim be dismissed as duplicative of Microsoft's copyright claim. Although the Second Circuit has rejected attempts to turn a successful copyright claim into a Lanham Act claim for false designation of origin, *see Kregos v. Assoc. Press,* 937 F.2d 700, 710-11 (2d Cir. 1991), it has done so only when the sole ground "is the existence of a false copyright notice . . . ." *Lipton v. The Nature Co.,* 71 F.3d 464, 473 (2d Cir. 1995). *See also Eden Toys, Inc. v. Florelee Undergarment Co.,* 697 F.2d 27, 37 (2d Cir. 1982) (where copyright notice was not merely false but made representation that the product was original, Lanham Act claim upheld). Here, Microsoft has alleged that "Defendant's wrongful conduct includes the use, advertising, marketing, offering or distribution of Microsoft's marks, names and /or imitation visual designs . . . that are virtually indistinguishable from Microsoft's visual design, in connection with their goods and services." Thus, Microsoft is not relying solely upon the existence of a false copyright notice.

Accordingly, Defendants' motions to dismiss the third cause action are denied.

### IV. *New York Deceptive Trade Practices Act*

New York's Deceptive Trade Practices Act provides in pertinent part:

> (a) Deceptive practices or acts in the conduct of any business, trade or commerce, or in the furnishing of any service in this state are hereby declared unlawful.

> . . .
> (h) . . .[A]ny person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.

N.Y. Gen. Bus. Law § 349.

Defendants' challenge to this claim is two-fold. First, they argue that the claim must fail because, citing *Goshen v. Mutual Life Ins. Co. of N.Y.,* 98 N.Y.2d 314 (2002), "Microsoft does not allege any deceptive acts that occurred in the State of New York. Second, they argue that Microsoft fails to allege how it has been injured by reason of any alleged violation of § 349. Ackerman Mem. at 14-15. Both these claims must fails.

The complaint clearly alleges that Defendants, who operated out of their New York residence, distributed and sold "to residents of New York and elsewhere" "counterfeit, tampered and/or infringing software that is inferior to genuine Microsoft software." [FAC ¶ 91.] These allegations are sufficient to meet the requirement set forth in *Goshen* "that the transaction in which the consumer is deceived must occur in New York." 98 N.Y.2d at 325. This is not a case, like *Goshen*, in which only the mere formulation of a plan to deceive occurred in New York. *See id.* New York courts have allowed out of state competitors to bring suit when there is harm to the New York public. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 25 (1995).

The complaint also sufficiently alleges that Defendants' acts have damaged Microsoft's goodwill and reputation and have resulted in losses to Microsoft. [FAC ¶92.] Competitors may assert claims under the statute as long as there is some harm to the New York public at large. *Oswego,* 85 N.Y.2d at 25.

The motions to dismiss the fifth cause of action under the New York Deceptive Trade Practices Act are denied.

## V. *The claim for an accounting*

In its ninth cause of action, Microsoft seeks an accounting from the defendants for all profits allegedly received by them "attributable to their acts of infringement" in violation of 17 U.S.C. § 504, 15 U.S.C. § 1117 and 18 U.S.C. § 2318. [FAC ¶ ¶108-10.] Defendants seek dismissal on the grounds that "to the extent this claim is based on the defendants' alleged infringement of Microsoft's copyrights it applies to claims between co-owners of the same copyright. The motions to dismiss are granted but not on the grounds argued by Defendants.

An accounting is a remedy provided for by the Copyright Act, the Lanham Act and 18 U.S.C. § 2318. It is not a basis for liability and therefore is not assertable as a cause of action. Whether the Plaintiff is entitled to the *remedy* of an accounting is not a question to be answered on a motion to dismiss. As a cause of action, the claim for an accounting is dismissed.[4]

## *Conclusion*

For the reasons set forth above, the motions to dismiss are GRANTED as to the eighth and ninth causes of action but otherwise DENIED. The motion for a stay is DENIED as moot.

**SO ORDERED.**

Dated: Central Islip, New York
      March 12, 2007

/s/ _____
Denis R. Hurley
Senior District Judge

---

[4] The Court notes that, in fact, Microsoft requests an accounting as part of the relief sought in the "Wherefore clause" of the complaint.