UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
----------------------------------X

MICROSOFT CORPORATION, a
Washington corporation,

      Plaintiff,

   -against-

AGA SOLUTIONS, INC., a New York
Corporation, d/b/a/ ADVANCED SOFTWARE
SOLUTIONS and ADVANCED COMPUTER
SOLUTIONS; MITCHELL S. ACKERMAN,
a/k/a/SCOTT SIMON, WANTAMANSION,
and MEGAHERTZ932, an individual; and
LEE K. ACKERMAN, a/k/a/ PASSPORT 2002,
an individual,
      Defendants.

----------------------------------X

**MEMORANDUM OF DECISION & ORDER**

05 CV 5796 (DRH)(MLO)

**APPEARANCES:**

**Yarmuth Wilsdon Calfo PLLC**
Attorneys for Plaintiff
925 Fourth Avenue Suite 2500
Seattle, WA 98104
By: Scott T. Wilsdon, Esq.
   John Jamnback, Esq.

**Mitchell Ackerman**
Defendant Pro Se
16274 Rosecroft Terrace
DelRay Beach, FL 33446

**Lee Ackerman**
Defendant Pro Se
c/o Dr. Alan Berman
77 Veterans Memorial Highway
Commack, New York 11725

**HURLEY, Senior District Judge:**

Plaintiff, Microsoft Corporation, ("Plaintiff" or "Microsoft") commenced this lawsuit asserting various causes of action premised on Defendants alleged distribution of counterfeit or unlicensed software and components. Presently before the Court is Plaintiff's motion for reconsideration of that portion of the Court's Memorandum and Order dated November 21, 2008 which denied summary judgment on Microsoft's fourth cause of action for violations of the Anti-Counterfeiting Amendments Act, 18 U.S.C. § 2318(a). For the reasons set forth below, the motion for reconsideration is granted and upon reconsideration the Court grants summary judgment in favor of Microsoft and against Defendants Mitchell S. Ackerman ("Mitchell Ackerman") and Lee K. Ackerman ("Lee Ackerman") as to liability on the fourth claim.[1]

## Background

Familiarity with the facts and the Court's prior decision is presumed, and will not be reiterated here. Briefly stated, the relevant facts are as follows. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs.

Microsoft's software programs are recorded on magnetic diskettes and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user guides, user manuals, end user license agreements, and other components. Microsoft incorporates various security features into its software components, including hidden features and features that are difficult to replicate. Additionally, Microsoft distributes Certificates of Authenticity and Certificate of Authenticity Labels (sometimes referred to as "COAs," "COA

---

[1] A default judgment on liability has been entered against the corporate defendant, AGA Solutions Inc.

labels" or "COALs"), which are special certificates or labeling components distributed with Microsoft software programs in order to help end-users verify whether they have genuine Microsoft software. COA labels are manufactured with holograms, heat sensitive threads and other security features that make unauthorized duplication difficult. According to Microsoft, it is common for sellers of counterfeit and infringing software to use counterfeit or illicit COA labels in order to deceive consumers into believing they are purchasing genuine Microsoft software. Microsoft's software identification specialists use these security features to determine whether the software is counterfeit or non-counterfeit.

The Ackermans operated an Internet-based business through a company website, where customers could purchase purported, but actually bogus Microsoft software, and through at least three accounts maintained at various times on the eBay Internet auction website. Defendants operated these businesses using, *inter alia*, the name "Advanced Software Solutions." Mitchell Ackerman was president of the incorporated entity, AGA Solutions. He personally participated in the business by buying, selling and advertising the infringing software and related components, and personally received extensive proceeds from the business. Lee Ackerman was vice-president of operations for the corporation AGA Solutions. She personally took an active role in its management and finances, had check signing authority for the corporation, and received extensive financial draws from the proceeds of the business. The Ackermans were the owners of AGA Solutions and its only full time employees.

Microsoft obtained samples of the software purchased from Defendants and compared them to genuine software samples. The samples purchased from Defendants' business were obtained from four sources: (a) individuals and businesses who contacted Microsoft after

purchasing software from Defendants, (b) Microsoft's own investigation and test purchases, (c) the United States Customs Service, and (d) the Nassau County Police (which searched and seized products at Defendants' residence). Microsoft's analysis of the samples determined that the software, COA labels and user manuals included counterfeit, tampered, and/or infringing versions of a number of Microsoft's most popular products covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof. Additionally, Microsoft's analysis identified product tampering involving Microsoft software products. According to Microsoft, the volume of the counterfeit and infringing software, COA labels, and product keys, as well as the past actions of Defendants, among other things, demonstrate that Defendants intended to traffic the counterfeit and infringing software and related documentation.

## *Discussion*

I. **The Motion for Reconsideration is Granted.**

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have

mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co.*, 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007).

Here, Microsoft is not asking the Court to examine any new legal issues or arguments. Rather, Microsoft is requesting that the Court reconsider its decision because under relevant law the evidence presented by Microsoft on its motion, although not specifically referenced with respect to its claim under the Anti-Counterfeiting Act, is sufficient to support that claim and entitles Microsoft to summary judgment on it. Microsoft's motion is procedurally and substantively sound and, accordingly, is granted.

**II.     Upon Reconsideration, the Court Holds that Microsoft is Entitled to Summary Judgment on its Anti-Counterfeiting Act Claim**

18 U.S.C. § 2318 prohibits trafficking in counterfeit labels, documentation and/or packaging. Although a criminal statute, it provides for a civil remedy for any copyright owner who is thereby injured or threatened with injury. The statute provides in relevant part:

> (a) (1) Whoever, in any of the circumstances described in subsection (c), knowingly traffics in –
> (A) a counterfeit label or illicit label affixed to, enclosing or accompanying, or designed to be affixed to, enclose or accompany ... a copy of a computer program . . .  or (B) counterfeit documentation or packaging, shall be fined under this title or imprisoned . . . .
> . . .
> (e) Any copyright owner who is injured, or is threatened with injury, by a violation of subsection (a) may bring a civil action in an appropriate United States district court.

18 U.S.C. § 2318.  Liability under the statue requires that the defendant act knowingly.

The Supreme Court has repeatedly held that violation of a law is "knowing" if the defendant knew his actions would result in the proscribed conduct, irrespective of whether the defendant knew the conduct was illegal.  *Bryan v. United States*, 524 U.S. 184, 193 (1998).  [U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense."  *Id.*

In its original papers, Microsoft had argued that evidence that Mr. Ackerman had received an email from a customer who accused Mr. Ackerman of selling counterfeit software was sufficient to satisfy the statute's knowingly requirement.  It was this evidence that the Court found deficient.  Microsoft has now directed this Court's attention to additional evidence, submitted initially on the summary judgment motion, to support this element.  This additional evidence includes, inter alia,  the fact that the Ackermans continued to sell counterfeit and infringing software and components after U.S. Customs seized counterfeit software, COA labels and user manuals on July 14, 2005, which evidence is sufficient to establish the Ackermans acted knowingly.  *Cf. Microsoft Corp. v. Image & Business Solutions Inc.*, 2007 WL 2874430 (C.D.

Cal. May 4, 2007).

Having submitted sufficient evidence that the Ackerman's acted knowingly, Microsoft's motion for summary judgment for liability on its fourth claim under the Anti-Counterfeiting Act is granted.

*Conclusion*

For the reasons set forth above, Microsoft's motion for reconsideration of that portion the Court's Memorandum and Order dated November 21, 2008 which denied summary judgment on Microsoft's fourth claim for violations of the Anti-Counterfeiting Amendments Act, 18 U.S.C. § 2318(a) is granted and upon reconsideration the Court grants summary judgment in favor of Microsoft and against Defendants Mitchell S. Ackerman ("Mitchell Ackerman") and Lee K. Ackerman ("Lee Ackerman") on the fourth claim as to liability.

Discovery having been completed and a pre-trial order filed, this matter is hereby scheduled for trial commencing on Monday, August 10, 2009. The parties shall appear on that date at 9:30 a.m. for a final pre-trial and settlement conference, with the non-jury trial to begin immediately thereafter.

Plaintiff is directed to serve a copy of this Memorandum and Order upon the Defendants and file proof of service thereof within ten (10) days of the date hereof.

**SO ORDERED.**

Dated: Central Islip, New York
April 17, 2008

/s/
Denis R. Hurley
Senior District Judge