UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
----------------------------------X
MICROSOFT CORPORATION, a
Washington corporation,

                Plaintiff,                **MEMORANDUM & ORDER**

    -against-

                                             O5 CV 5796 (DRH)(MLO)

AGA SOLUTIONS, INC., a New York
Corporation, d/b/a/ ADVANCED SOFTWARE
SOLUTIONS and ADVANCED COMPUTER
SOLUTIONS; MITCHELL S. ACKERMAN,
a/k/a/SCOTT SIMON, WANTAMANSION,
and MEGAHERTZ932, an individual; and
LEE K. ACKERMAN, a/k/a/ PASSPORT 2002,
an individual,

                Defendants.
----------------------------------X

**APPEARANCES:**

**Yarmuth Wilsdon Calfo PLLC**
Attorneys for Plaintiff
925 Fourth Avenue Suite 2500
Seattle, WA 98104
By:    Scott T. Wilsdon, Esq.
         John Jamnback, Esq.

**Mitchell Ackerman**
Defendant Pro Se
23415 Mirabella Circle South
Boca Raton, FL 33433

**Law Offices of N. Richard Wool**
Attorneys for Defendant Lee Ackerman
475 South Oyster Bay Road
Plainview, New York 11803
By:    N. Richard Wool

**HURLEY, Senior District Judge:**

       Plaintiff Microsoft Corporation ("Plaintiff" or "Microsoft") commenced this lawsuit

asserting various causes of action premised on Defendants' alleged distribution of counterfeit or

unlicensed software and components. By Order dated December 7, 2007, the Court granted a default judgment on liability against Defendant AGA Solutions Inc. By Orders dated November 21, 2008 and April 17, 2009, the Court granted summary judgment on liability against Defendants Mitchell S. Ackerman ("Mitchell Ackerman") and Lee K. Ackerman ("Lee Ackerman") on Plaintiff's claims for copyright infringement, trademark infringement, false designation of origin or approval (15 U.S.C. § 1125(a)(1)), and under the Anti-Counterfeiting Act (18 U.S.C. § 2318) . On September 1, 2009, Plaintiff dismissed all of its state based claims against the Defendants and advised the Court that Plaintiff would not be seeking willfulness enhancements of its statutory damages claims. Presently before the Court is Plaintiff's unopposed motion for statutory damages on its claims. For the reasons set forth below, the motion is granted.

**Factual Background**

The relevant facts are set forth in the Court's Memorandum & Orders dated December 7, 2007, November 21, 2008 and April 17, 2009, familiarity with which is presumed. For present purposes it is sufficient to note that the uncontested evidence demonstrated that the Defendants infringed (1) at least 34 of Microsoft's copyright protected works; and (2) ten of Microsoft's trademarks. In addition, Defendants trafficked in no fewer that 902 counterfeit or illicit labels intended for sale.

**Discussion**

**I. Copyright Damages**

A copyright owner may elect to recover an award of statutory damages in lieu of actual damages and profits at any time before final judgment is entered. *See* 17 U.S.C. § 504(c)(1). The

Copyright Act allows for a minimum award of $750.00 and a maximum award of $30,000.00 for each copyrighted work infringed, *id.*, unless the infringement is found to be willful, in which case statutory damages may be awarded up to $150,000.00 per copyrighted work infringed, *id.* at § 504(c)(2). District Courts have wide discretion in setting damages within the statutory range for non-willful infringement. *See, e.g., Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 514 (S.D.N.Y. 2008); *Microsoft Corp v. McGee*, 490 F. Supp. 2d 874, 881 (S.D. Ohio 2007).

In this case, it is appropriate for Plaintiff to receive the maximum amount of non-willful statutory damages for each of the 34 copyrighted work infringed by the Defendants. The award of the maximum amount of damages is supported by, among other things, "the revenues lost by the plaintiff as a result of defendant's conduct, and the infringers' state of mind," *N.A.S. Import, Corp. v. Chenson Enters., Inc.,* 968 F.2d 250, 252 (2d Cir. 1992), and "'the deterrent effect on others besides the defendant,'" *Tiffany Inc. v. Luban,* 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003) (quoting *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986). Defendants sold the infringing products over the internet, giving it access to an unlimited number of customers. *See Tiffany*, 282 F. Supp. 2d at 125. While the exact amount of revenues lost by plaintiff is undeterminable, a raid on Defendants' business yielded 2,569 units of counterfeit or infringing products with an estimated retail value of $1,078,722. Moreover, even though Plaintiff does not seek a willfulness enhancement, it is appropriate for the Court to consider evidence of willfulness in determining where in the range between $750.00 and $30,000.00 damages should be set. Here, there is evidence of wilfulness, including that Defendants continued to distribute infringing products even after receiving several cease and desist letters

from Plaintiff and even after one of their shipments was seized by U.S. Customs.  *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010-11 (2d Cir. 1995); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991).

Plaintiff is entitled to a total of $1,020,000.00 on its Copyright Act claim (Claim I).

## II. Lanham Act Damages

Microsoft also seeks statutory damages for the ten trademarks that the Defendants have infringed.[1]

"A successful plaintiff is entitled to recover a separate award of statutory damages under both the Copyright Act and the Lanham Act when a defendant has infringed both its trademarks and its copyrights, even when by a single act." *Microsoft*, 490 F. Supp. 2d at 881.  Statutory damages for trademark infringement range from $1,000.00 up to $200,000.00 per trademark infringed regardless of willfulness, with enhancement up to $2,000,000.00 per trademark if the infringement is willful.  *See* 15 U.S.C. § 1117(c).  In determining the amount of statutory damages for Lanham Act violations, the courts look to the same factors used in determining statutory damages for copyright infringement.  *See, e.g., Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002).

The same factors which support the award of maximum statutory damages for copyright infringement, support an award of maximum non-willful statutory damages for trademark infringement in this case.  Plaintiff is entitled to $200,000.00 in statutory damages for each of the ten trademarks infringed for a total of $2,000,000.00 on its Lanham Act claims (Claims II & III).

---

[1] Although Microsoft has asserted two claims under the Lanham Act, one for trademark infringement pursuant to 15 U.S.C. § 1114 and one for false designation of origin pursuant to 15 U.S.C. § 1125, it seeks only one set of statutory damages from defendants under the Lanham Act.

**III. Anti-Counterfeiting Act Damages**

The Anti-Counterfeiting Act permits statutory damages "in a sum of not less than $2,500.00 or more than $25,000, as the court considers appropriate," for each violation. 18 U.S.C. § 2318(e)(4). Microsoft seeks only the minimum amount of statutory damages for each of the 902 counterfeit or illicit labels sold or acquired and possessed with the intent to sell. Plaintiff is entitled to a total of $2,255,000.00 in statutory damages for its Anti-Counterfeiting Act claim (Claim IV).

**Conclusion**

Microsoft's motion for statutory damages is granted . The Court directs that Plaintiff Microsoft Corporation recover from the defendants AGA Solutions Inc., Mitchell S. Ackerman and Lee K. Ackerman, jointly and severally, (1) $1,020,000.00 on the Copyright Act claim (Claim I); (2) $2,000,000.00 on the Lanham Act claims (Claims II & III); and (3) $2,255,000.00 on the Anti-Counterfeiting Act claim (Claim IV); for a total of $5,275,000.00 and that judgment be entered accordingly. Upon entry of judgment the Clerk of Court is directed to close this case. To the extent Plaintiff seeks an award of attorneys' fees and costs it should submit its request therefor within fourteen (14) days of entry of judgment in accordance with Rule 54(d)(2) of the Federal Rules of Civil Procedure.

    **SO ORDERED.**

Dated: Central Islip, New York
       March 22, 2010

                              /s/
                              Denis R. Hurley
                              Senior District Judge